**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES E. TILLAGE; JOSEPH M.
LOOMIS,

                 Plaintiffs-Appellees,

v.

COMCAST CORPORATION;
COMCAST CABLE
COMMUNICATIONS, LLC,

                 Defendants-Appellants.

No.   18-15288

D.C. No. 3:17-cv-06477-VC

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 12, 2019
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Comcast Corporation ("Comcast") appeals the district court's order denying

Comcast's motion to compel arbitration. We have jurisdiction under 9 U.S.C.

§ 16(a)(1) and we affirm.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

For the reasons set forth in our concurrently filed opinion in *Blair v. Rent-A-Center, Inc.*, No. 17-17221, we hold that California's *McGill* rule is not preempted by the Federal Arbitration Act.

In light of this holding, we hold that the arbitration agreement between Comcast and plaintiffs Charles Tillage and Joseph Loomis is null and void in its entirety. Section 13(h) of the parties' subscriber agreement purports to waive plaintiffs' rights to pursue public injunctive relief in any forum and so is unenforceable under California law. *See McGill v. Citibank*, 393 P.3d 85, 94 (Cal. 2017). Section 13(h) also provides that "THIS WAIVER OF CLASS ACTIONS AND COLLECTIVE RELIEF IS AN ESSENTIAL PART OF THIS ARBITRATION PROVISION AND CANNOT BE SEVERED FROM IT." This non-severability clause results in the invalidation of the entire arbitration agreement.

Comcast argues that the opt-out clause of their subscriber agreement removes it from *McGill*'s coverage because the subscriber agreement waives a person's right to pursue a public injunction only if he or she agrees to arbitrate. That argument fails, as *McGill* applies to any consensual waiver of public injunctive relief, irrespective of how the parties choose to waive that relief. 393 P.3d at 93–94 (quoting Cal. Civ. Code § 3513).

2

**AFFIRMED.**